In the Matter of the Claim of LAEF JOHNSON, Appellant, against AMERICAN MACHINERY AND FOUNDRY COMPANY and Another, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 19, 1930.

*Frederick Walz,* for the claimant, appellant.

*Hamilton Ward, Attorney-General [Alexander A. Tausky, Deputy Attorney-General,* of counsel], for the respondent State Industrial Board.

*John P. Smith,* for the respondents employer and insurance carrier.

PER CURIAM. Claimant sustained accidental injuries in June, 1923, at which time he was seventeen years and nine months of age. No guardian was ever appointed for him. He reached his majority on September 13, 1926, and filed a claim for compensation in January, 1928. The first hearing in the case, at which all parties in interest were present, was on June 11, 1928. At this hearing the question of not filing the claim within the period of one year was not raised. The defense of failure to file the claim within a year was not raised until the hearing of January 7, 1929. An award of compensation has been denied on the ground that one year and four months had elapsed after the claimant had attained his majority

before he filed his claim and that the law in force at the time of the accident, namely, 1923, must be applied. The claimant appeals.

" No limitation of time provided in this chapter shall run as against any person who is mentally incompetent or a minor so long as he has no committee or guardian." (Workmen's Compensation Law, § 115.) Section 28 of the Workmen's Compensation Law, as amended by chapter 658 of the Laws of 1925, stated: " * * * but the employer and insurance carrier shall be deemed to have waived the bar of the statute unless the objection to the failure to file the claim within one year is raised on the *first* hearing on such claim *at which all parties in interest are present.*" The italicized words were inserted by the 1925 amendment. The amendment was procedural. It merely prescribed the method of raising objection to failure to file a claim within the statutory period of limitation. It was the law in force at the time when claimant reached his majority and at the time of the first hearing at which all parties in interest were present. The amendment of 1925 should have been applied. The failure to raise the defense at that hearing constituted a waiver.

The decision should be reversed and the claim remitted, with costs to the claimant against the employer and insurance carrier.

VAN KIRK, P. J., HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Decision reversed and claim remitted, with costs to the claimant against the employer and the insurance carrier to abide the event.